Texas Dept. of Public Safety v. Ronald K. Ackerman















IN THE
TENTH COURT OF APPEALS
 
 
No. 10-99-302-CV

     TEXAS DEPARTMENT OF PUBLIC SAFETY,
                                                                         Appellant
     v.

     RONALD K. ACKERMAN,
                                                                         Appellee
 

From the County Criminal Court No. 2
Dallas County, Texas
Trial Court # CC98-01806-D
                                                                                                                
                                                                                                       
DISSENTING OPINION
                                                                                                               

      The majority holds that Ronald K. Ackerman failed to state any ground in his motion for
summary judgment which would entitle him to judgment. They conclude that “his motion is
insufficient to sustain the judgment rendered by the trial court, and the judgment must be
reversed.” What’s a person gotta’ do to get a summary judgment these days?
      In Ackerman’s motion for summary judgment he states: “The only issue remaining in this
case is the applicability of Section 411.180(d), Texas Government Code, for costs and attorney
fees.” He then prays for a recovery of fees and expenses. That section of the Government
Code states: “A proceeding under this section is subject to Chapter 105, Civil Practice and
Remedies Code, relating to fees, expenses, and attorney’s fees.” Chapter 105 of the Civil
Practice and Remedies Code is entitled “Frivolous Claim by State Agency.” This chapter
consists of only four sections and provides for only one type of recovery: fees, expenses and
attorney’s fees for a frivolous claim by a State agency.
      Where the majority errs in their analysis is a potential problem with Ackerman’s
underlying petition. As the majority notes, Chapter 105 of the Civil Practice and Remedies
Code specifies that a claimant may recover “fees, expenses, and attorney’s fees” if the state
agency asserted a claim that was “frivolous, unreasonable, or without foundation.” They note
that Ackerman did not allege in his “motion” any of these criteria. This may be a problem
with Ackerman’s underlying pleading, but it is not a defect in his motion for summary
judgment as the majority holds.
      Ackerman told the reader of his motion for summary judgment exactly the ground under
which he was seeking summary judgment for fees, expenses and attorney’s fees; Section
411.180(d) of the Government Code. The reader may have to go read the statute, but this is
no different than the movant stating that the ground upon which they rely as “Chapter 101 of
the Texas Tort Claims Act,” or a reference to any one of the myriad of statutes that provide
for some specific relief or defense. 
      We should avoid imposing any magic language requirement to state a ground of recovery
in a summary judgment motion. If the motion provides a reader reasonable notice of the
ground upon which summary judgment is sought, that should be adequate. The ground of
recovery is sufficiently stated in Ackerman’s summary judgment motion.
      For the reasons stated, I respectfully dissent from the majority’s remand of this cause on
the basis indicated. I concur in the remainder of the opinion.


                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed October 4, 2000
Publish